UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ANTHONY GRANT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )            CV418-232 |
| | ) |
| ANDREW SAUL, COMMISSIONER | ) |
| OF SOCIAL SECURITY,[1] | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Anthony Grant seeks judicial review of the Social Security Administration's denial of his application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI).

## I.    GOVERNING STANDARDS

In social security cases, courts

. . . review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotation omitted). . . . "We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Winschel*, 631 F.3d at 1178 (quotation and brackets omitted). "If the Commissioner's decision is supported by substantial evidence, this Court must

---

[1] Andrew Saul became the Commissioner of Social Security on June 17, 2019. The Clerk of Court is **DIRECTED** to update the caption accordingly.

affirm, even if the proof preponderates against it." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation omitted).

*Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014).

The burden of proving disability lies with the claimant. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). The ALJ applies

. . . a five-step, "sequential" process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(1). If an ALJ finds a claimant disabled or not disabled at any given step, the ALJ does not go on to the next step. *Id*. § 404.1520(a)(4). At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. *Id*. § 404.1520(a)(4)(i). At the second step, the ALJ must determine whether the impairment or combination of impairments for which the claimant allegedly suffers is "severe." *Id*. § 404.1520(a)(4)(ii). At the third step, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. *Id*. § 404.1520(a)(4)(iii). If not, the ALJ must then determine at step four whether the claimant has the RFC[2] to perform her past relevant work. *Id*. § 404.1520(a)(4)(iv). If the claimant cannot perform her past relevant work, the ALJ must determine at step five whether the claimant can make an adjustment to other work, considering the claimant's RFC, age, education, and work experience. An ALJ may make this determination either by applying the Medical Vocational Guidelines or by obtaining the testimony of a [Vocational Expert (VE)].

---

[2]   At steps four and five, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to return to her past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). RFC is what "an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). "The ALJ makes the RFC determination based on all relevant medical and other evidence presented. In relevant part, the RFC determination is used to decide whether the claimant can adjust to other work under the fifth step." *Jones v. Comm'r of Soc. Sec.*, 603 F. App'x 813, 818 (11th Cir. 2015) (quotes and cite omitted).

*Stone v. Comm'r. of Soc. Sec. Admin.*, 596 F. App'x, 878, 879 (11th Cir. 2015) (footnote added).

## II.   ANALYSIS

Grant filed an application for a period of disability and disability insurance on December 13, 2012 alleging that he became disabled on March 21, 2012.[3]   Tr. 327-32.   His application was denied initially and on reconsideration.   Tr. 163-71.   He then filed an application for SSI on August 11, 2014, and the agency held a hearing on those claims on August 15, 2014 and May 22, 2015.   Tr. 72-106, 107-116.   The ALJ found him not disabled on July 17, 2015.   Tr. 136-53.   Plaintiff' appealed and the Appeals Council granted his request for review.   Tr. 154-57.   A third hearing was held on October 12, 2017.   Tr. 35-71.   The ALJ subsequently issued a decision finding defendant not disabled.   Tr. 8-20.   This time, the Appeals Council denied plaintiff's request.   Tr. 2-7.   Plaintiff was 50 years old on the date of the ALJ's (final) decision.   Tr. 20, 41.   He claims

---

[3]   There is some dispute in the record as to plaintiff's date of last insured.   As the Government points out, doc. 23 at 3, remand to consider the proper date of last insured is not warranted because the ALJ did not determine that plaintiff was not disabled from March 21, 2012 through the date of decision, as a result, plaintiff has suffered no prejudice from the determination of his date last insured.   As such, no remand is warranted.   *Shinseki v. Sanders*, 556 U.S. 396 (2009).

to have no education, but has also indicated that he completed third grade.

Tr. 43, 361.

The ALJ found that Grant's thoracic spine degenerative disc disease and peripheral neuropathy were severe impairments, but did not meet or medically equal a Listing.   Tr. 14-15.   The ALJ thus found that Grant retained the RFC for light work except

> . . . he can push/pull up to 10 pounds occasionally.   He can stand/walk up to 6 of 8 hours, and sit up to 6 of 8 hours with normal breaks.   He can occasionally climb stairs and ramps, but no ladders or scaffolds.   He can frequently balance but occasionally stoop, kneel, crouch, and crawl.   He can occasionally do overhead work and use of foot controls.   He cannot work around unprotected heights or other hazards.   He should do no work requiring reading and writing skills.   He has no limitations regarding concentration, persistence, and pace.   He has no social deficits.

Tr. 15.   Plaintiff, he determined, could not perform his past relevant work, but that there were jobs that existed in significant numbers in the national economy that he could perform.   Tr. 18.   Grant disagrees, arguing that the ALJ erred by failing to evaluate the opinion evidence consistent with the regulations, Agency policy, and Eleventh Circuit precedent.   Doc. 18 at 5.   Specifically, plaintiff alleges that the ALJ failed to take into account (or read in context) the opinion of James Metts— plaintiff's treating physician, and Harriett Steinert—the Agency's

consultative examiner.  *Id.* at 8-9.  Plaintiff alleges that the ALJ failed to give "good/specific/supported" reason for rejecting Drs. Metts and Steinert's opinions and failed to read their opinions in context—either singularly or in combination.  *Id.* at 10-11.

Dr. Metts treated plaintiff at Curtis Cooper Primary Health beginning in 2005.  Tr. 664.  As part of plaintiff's application for benefits, Dr. Metts completed a Medical Source Statement, tr. 629-32, which stated that plaintiff has pain and weakness which will frequently interfere with his attention and concentration.  Tr. 629.  He likewise opined that plaintiff could lift 10 pounds occasionally and 5 pounds frequently, and would need unscheduled breaks during the workday. Tr. 630-31.  Dr. Steinert is the Agency's consultative examiner. Tr. 850-52.  Dr. Steinert opined that plaintiff could only lift and carry up to 10 pounds and that he frequently stumbles and uses a cane.  Tr. 853. She opined that plaintiff could sit for 30 minutes, stand for 15 minutes, and walk for 15 minutes; in an 8-hour day, he can sit for 8 hours, stand for 2 hours, and walk for 2 hours.  Tr. 854.  She also opined that he could not perform postural activities, tr. 856, and could not work around unprotected heights, tr. 857.  Plaintiff argues that these opinions contain

far greater limitations than the ALJ found, and that the ALJ should have better articulated his reason for rejecting those opinions in formulating the RFC. Doc. 18 at 7-10.

In his decision, the ALJ stated that he gave Dr. Metts "little weight based on expertise, not reviewing diagnostic studies and over-reliance on the claimant's subjective complaints and limitations." Tr. 18. The ALJ gave Dr. Steinert's opinion little weight for the same reason. Tr. 18. Plaintiff alleges that—at least as to Dr. Metts—this statement is illogical because Dr. Metts did review at least one lumbar x-ray. Doc. 18 at 12; Tr. 597; 679; 587. Likewise, the plaintiff alleges that the rejection of Dr. Steinert's opinion for lack of review of labs or x-rays is error because Dr. Steinert was the Agency's expert and that it was the Agency's responsibility to provide those records to Dr. Steinert for review. Doc. 18 at 12. Plaintiff also takes particular exception to the ALJ's failure to specifically articulate that the opinions of treating sources are generally entitled to more weight and that both Drs. Metts and Steinert were the only physicians who actually examined plaintiff. *Id.* at 10-11. Finally, plaintiff argues that the ALJ rejected the limitations espoused by these

two physicians in favor of his own lay interpretation of the medical records.   *Id.* at 15.

An ALJ is entitled to formulate an RFC and resolve any ambiguity or inconsistency in the medical evidence, 20 C.F.R. §§ 416.927(d)(2), 946(c), based on the entire record, 20 C.F.R. §§ 404.1520a (evaluation of mental impairments), 416.945(a)(3) (the RFC is based on all the relevant evidence, including diagnoses, treatment, observations, and opinions of medical sources, as well as witness testimony).   The RFC represents the most a claimant can do despite his limitations, SSR[4] 96-8p, and it is the ALJ's responsibility (and not any doctor's) to assess the RFC based on the record as a whole.   *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("the task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctor's."); *see* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c) (the ALJ has the responsibility for determining a claimant's

---

[4]   Social Security Rulings (SSR) "represent precedent final opinions and orders and statements of policy and interpretations that we have adopted."   20 C.F.R. § 402.35(b)(1).   SSRs are entitled to deference, but are not binding on the courts. *Fair v. Shalala*, 37 F.3d 1466, 1467 (11th Cir. 1994); *cf. Silveira v. Apfel*, 204 F.3d 1257, 1260 (9th Cir. 2000) ("This court defer[s] to Social Security Rulings . . . unless they are plainly erroneous or inconsistent with the Act or regulations").

RFC).   And the ALJ can distill a claimant's RFC from an amalgamation of the record as a whole, without requiring a specific medical opinion to articulate a specific functional limitation.   *See Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012) ("[T]here is no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question" because "the ALJ, not a physician, is charged with determining a claimant's RFC from the medical record").

Further, an ALJ may discount a treating physician's opinion if he gives good reasons for doing so.   20 C.F.R. §§ 404.1527(c)(2)-(3), 416.927(c)(2)-(3); *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011); *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).   While a treating physician's opinion is valuable to the ALJ's RFC assessment, it is the ALJ's responsibility (and not any doctor's) to assess the RFC based on the record as a whole.   *Astrue*, 365 F. App'x at 999 ("the task for determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctors."); *see* 20 C.F.R. § 416.945(a)(3) ("We will assess your residual functional capacity based on all of the relevant medical and other evidence."); 20 C.F.R. § 404.1546(c)(the ALJ has the

responsibility for determining a claimant's RFC).   Indeed, the ALJ need not adopt every limitation assessed by a *credited* medical source, nor must his RFC assessment mirror the opinion of every doctor.   *Adams v. Comm'r Soc. Sec. Admin.*, 586 F. App'x 531, 534 (11th Cir. 2014) (an ALJ's decision need not address every limitation in a physician's report as long as the written decision is clear that the ALJ considered both the physician's opinion and the plaintiff's condition as a while); 20 C.F.R. §§ 404.1527(b), (c); 416.927(b),(c).

The Government notes that while the ALJ did discount both Drs. Steinert and Dr. Metts, the ALJ did consider a substantial number of sources including a series of diagnostic tests, physical examinations, recorded observations, plaintiff's statements, and statements of his medical providers.   Doc. 23 at 6.   As to Dr. Steinert, plaintiff is correct that she was the Agency's medical consultant and that the Agency did not provide laboratory findings.   But there is no evidence that this resulted in prejudice to defendant—even if the Agency should have provided these records—as the lab findings were normal and would not have supported her opinion.   Tr. 597; *Denomme v. Comm'r of Soc. Sec.*, 518 F. App'x 875, 877 (11th Cir. 2013) ("When . . . an incorrect application of the regulations

9

results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.") (citations omitted).

As to whether the ALJ properly considered all of the factors in determining that Drs. Metts and Steinert should be given little weight, there is no obligation that the ALJ must—as the government notes—explicitly discuss each factor. *See* 20 C.F.R. §§ 404.1527(c). What the ALJ must do, and what the ALJ did in this case is explicitly note why an examiner—or treating physician—is entitled to greater or lesser weight. And the ALJ did consider plaintiff's primary care physician's analysis as well as his treatment notes. For example, the ALJ noted that "the claimant's primary care provider recommended that he exercise even with his alleged back pain." Tr. 17. Likewise, plaintiff is correct that the two opinions are similar. However, the ALJ gave similar reasons for discounting both indicating that they were considered in tandem with each other. Tr. 18.

Finally, the Court concludes that there was no inappropriate substitution of the ALJ's personal or lay interpretation in this case. The ALJ thoroughly reviewed the medical evidence in this case, including

discussions of defendant's ER exams, treating physician notes and the consultative examiners notes.   Tr. 16-18.   In addition, the ALJ provided a comprehensive review of the examination of Dr. Steinert and also provided significant commentary regarding why her determination was not supported by other evidence in the record—including that of plaintiff's primary care physician.   Tr. 17.   Considering this review, there is substantial evidence supporting both the ALJ's determination to discredit the determination of Drs. Metts and Steinert.

## III.   CONCLUSION

Because the ALJ's decision is supported by substantial evidence in the record, the Commissioner's final decision should be **AFFIRMED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.   Therefore, **within 14 days from the date of this order**, any party may file written objections to this R&R with the Court and serve a copy on all parties.   The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."   Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this <u>19th</u> day of February, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA